

**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue • Suite 2000 • MS TB 14 • Seattle WA 98104
(206) 464-7744

December 6, 2024

**VIA CM/ECF**

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94103

RE: <u>*State of Washington v. The GEO Group, Inc.*</u>**, Nos. 21-36024/21-36025**

Dear Ms. Dwyer:

    Washington respectfully responds to GEO's Rule 28(j) letter regarding *United States v. King County*, No. 23-35362 (9th Cir. Nov. 29, 2024). In that decision, a unanimous panel of this Court affirmed Judge Bryan's determination that a King County Executive Order (EO) violated the doctrine of intergovernmental immunity for two reasons.

    First, the EO failed scrutiny under a straightforward application of *Geo Grp., Inc. v. Newsom*, 50 F.4th 745 (9th Cir. 2022) (en banc), because it "effects at Boeing Field 'an outright ban on hiring any private contractor' to transport noncitizens, a necessary step in the classically federal function of immigration enforcement." *King County*, slip op. at 23. Second, the EO "on its face discriminates against the United States 'by singling out' the federal government and its contractors 'for unfavorable treatment' or 'regulating them unfavorably' on some basis related to their governmental 'status.'" *Id.* at 24 (cleaned up). The *King County* panel reiterated that "a state or local law does not run afoul of the intergovernmental immunity doctrine 'just because it indirectly increases costs for Federal Government, so long as the law imposes those costs in a neutral, nondiscriminatory way[,]'" but reasoned that the EO discriminated explicitly because it "specifically bars [private contractors] from serving ICE charter flights because of their role in carrying out the federal immigration laws" and "expressly draws this distinction based on the County's opposition to federal policy, namely, that 'deportations raise deeply troubling human rights concerns which are inconsistent with the values of King County.'" *Id.* at 25 (citation omitted).

    This decision confirms that Judge Bryan correctly declined to apply intergovernmental immunity in this case. Unlike the King County EO, the Minimum Wage Act (MWA) in no way

ATTORNEY GENERAL OF WASHINGTON

United States Court of Appeals for the Ninth Circuit
December 6, 2024
Page 2

bans federal contractors from operating and does not dictate to the federal government with whom it may contract to detain, transport, or remove individuals. Likewise, the MWA does not single out federal contractors, much less subject those businesses to more stringent standards. The MWA is a longstanding general labor standard that applies to GEO because it is a private business—not because GEO is a federal contractor.

Respectfully submitted,

/s/ Lane Polozola
MARSHA CHIEN
Deputy Solicitor General
LANE POLOZOLA
Assistant Attorney General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattel, WA 98104
(206) 464-7744
marsha.chien@atg.wa.gov
lane.polozola@atg.wa.gov

*Counsel for Plaintiff-Appellee State of Washington*


Cc:     All Counsel of Record